UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE MICHIGAN
REGIONAL COUNCIL OF CARPENTERS
EMPLOYEE BENEFITS FUND, et al,

    Plaintiffs,

v.

ACCURA CONCRETE WALLS, INC.
and BRIAN JOUSMA,

    Defendants.

Case No. 04-70192
HONORABLE AVERN COHN

_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION
AND DIRECTING SUPPLEMENTAL BRIEFING**

I.

This was an action seeking the recovery of fringe benefit payments. Plaintiffs, the Trustees of the Michigan Regional Council of the Carpenters Employee Benefits Fund and Trustees of other carpenters' benefits funds (collectively referred to as the Trustees) sued defendants Acura Concrete Walls, Inc. (Accura) and Brian Jousma under seeking to recover fringe benefit contributions due and owing under a collective bargaining agreement (CBA) between Accura and the Michigan Regional Council of Carpenters (the Union) signed by Jousma as President of Accura. The Trustees made two claim against defendants. Count one claimed violations under 29 U.S.C. § 1132 and § 1145 of the Employment Retirement Income Security Act (ERISA) and count two claimed a violation of the Michigan Builders Trust Fund Act (MBTFA), M.C.L. § 571.152

asserted against Jousma as an individual.

The Trustees filed a motion for summary judgment, which the Court granted. See Memorandum and Order Granting Plaintiffs' Motion for Summary Judgment, filed February 28, 2005.

Before the Court is defendants' motion for reconsideration on the grounds that the Court erred in ruling on the Trustee's claim under the MBTFA. For the reasons that follow, the motion will be granted in part and the parties will be directed to file supplemental briefing on the issue of Jousma's liability under the MBTFA.

II.

E.D. Mich. LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

III.

Defendants argue that granting summary judgment as to the individual liability of Jousma under the MBTFA was error because this claim was raised for the first time in the Trustee's reply brief and the Trustee's failed to provide sufficient evidence to support individual recovery against Jousma. In short, defendants argue that the Court granted summary judgment <u>sua sponte</u>.

The Trustees argue that the issue of Jousma's liability under the MBTFA was first raised by defendants in their response to the Trustee's motion as they argued that

the Trustee's had not made out a claim against Jousma for violation of the MBTFA. The Trustee's responded to the issue and argued that the issue was ripe for summary judgment in their favor. In the alternative, the Trustees argue that the Court properly granted summary judgment sua sponte because defendants cannot show prejudice.

As an initial matter, the issue of whether Jousma was liable under the MBTFA was raised in the summary judgment papers. However, in the interests of a complete record on the issue, and to eliminate any question of prejudice to defendants, the Court will grant defendants' motion to the extent that it requests reconsideration of the Court's ruling regarding plaintiffs' MBTFA claim against Jousma. While the motion for reconsideration papers set forth in greater detail the parties' positions relative to the MBTFA claim, the Court directs the following:

Plaintiff shall file within 10 days a supplemental paper, together with supporting evidence, detailing its right to obtain summary judgment on its MBTFA claim. Defendant shall file a response within 10 days thereafter, also attaching any supporting evidence. Plaintiff may file a reply 5 days thereafter. Upon receipt of the parties' papers, the Court will either set the matter for hearing or decide the issue on the papers before it. The Court expresses no opinion as to whether the supplemental filings will alter the Court's finding that Jousma is liable under the MBTFA.

This order does not affect the Court's ruling as to defendant Accura Concrete's liability under ERISA.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:   May 13, 2005
         Detroit, Michigan

3