UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE MICHIGAN
REGIONAL COUNCIL OF CARPENTERS
EMPLOYEE BENEFITS FUND, et al,

    Plaintiffs,

v.

ACCURA CONCRETE WALLS, INC.
and BRIAN JOUSMA,

    Defendants.

_____/

Case No. 04-70192
HONORABLE AVERN COHN

**ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFFS ON CLAIM UNDER THE MICHIGAN BUILDERS TRUST FUND ACT AGAINST BRIAN JOUSMA**

I.

This is an action seeking the recovery of fringe benefit payments. Plaintiffs, the Trustees of the Michigan Regional Council of the Carpenters Employee Benefits Fund and Trustees of other carpenters' benefits funds (collectively referred to as the Trustees) sued defendants Acura Concrete Walls, Inc. (Accura) and Brian Jousma under seeking to recover fringe benefit contributions due and owing under a collective bargaining agreement (CBA) between Accura and the Michigan Regional Council of Carpenters (the Union) signed by Jousma as President of Accura. The Trustees made two claim against defendants. Count one claimed violations under 29 U.S.C. § 1132 and § 1145 of the Employment Retirement Income Security Act (ERISA) and count two claimed a violation of the Michigan Builders Trust Fund Act (MBTFA), M.C.L. § 571.152

asserted against Jousma as an individual.

The Trustees filed a motion for summary judgment, which the Court granted on both of the Trustee's claims.  See Memorandum and Order Granting Plaintiffs' Motion for Summary Judgment, filed February 28, 2005.

Defendants then filed a motion for reconsideration on the grounds that the Court erred in granting summary judgment on the Trustee's claim under the MBTFA against Jousma.  The Court granted the motion in part and directed to file supplemental briefing on the issue of Jousma's liability under the MBTFA.  See Order filed May 13, 2005.  The supplemental papers have been received and the matter is now ready for decision.  For the reasons that follow, plaintiffs' motion for summary judgment on its claim under the MBTFA is GRANTED.  The Clerk shall enter a judgment against defendants for the amount due and owing in accordance with the Court's February 28, 2005 Order and this Order.

## II.  The MBTFA

The MBTFA provides:

> Sec. 1. In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.
> Sec. 2. Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor, of any payment made to him, for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of a felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any persons so defrauded, and, upon conviction, shall be punished by a fine of

2

> not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a state prison at the discretion of the court.
>
> Sec. 3. The appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud.

M.C.L. § 570.151.

As the Michigan Court of Appeals has explained:

> The prima facie elements of a civil cause of action brought under the act include (1) the defendant is a contractor or subcontractor engaged in the building construction industry, (2) a person paid the contractor or subcontractor for labor or materials provided on a construction project, (3) the defendant retained or used those funds, or any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by the defendant to perform labor or furnish material for the specific project.

DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc., 246 Mich. App. 43, 48 (2001).

### III. Analysis

The first issue presented by the parties' papers is whether the MBTFA imposes personal civil liability on individuals such as Jousma. In Au Bon Pain Corp. v. Artect, Inc., 563 F.2d 61 (2d Cir. 1981), the Court of Appeals for the Second Circuit found that such liability exists. While Jousma makes much of the fact that the Second Circuit did not precisely state that a corporate officer is subject to civil liability under the MBTFA, a fair reading of the case supports this conclusion. In Au Bon Pain, plaintiff/operator sued an architectural firm and its officers claiming breach of contract and fraud. The Second Circuit described plaintiff's theory of liability against the corporate officers as follows: "funds paid to a contractor are considered a trust fund for the benefit of the builder, subcontractors, laborers and materialmen. Mich. Comp. Laws § 570/.151 (1970) [the MBTFA]. The contractor is considered the trustee of the fund. Therefore, [plaintiff]

3

alleged that ... the officers of the corporation who participated in the breach ... were also liable for the breach as individuals." Id. at 64. The district court, however, rejected this theory. The Second Circuit reversed, stating that "we believe [plaintiff] offered ample proof as to [the corporate officer] of both a breach of fiduciary duty under Michigan statutory law and common law fraud." Id. at 65. In a footnote, the Second Circuit noted that while there was a question not raised by the parties as to whether Michigan or New York law controls, the court stated that the issue need not be resolved because "we believe [plaintiff] could recover either under [the MBTFA] or under either state's common law of fraud." Id. at n.1. In People v. Brown, 239 Mich. App. 735 (2000), the Michigan Court of Appeals was faced with the imposition of criminal liability under the MBTFA against a corporate officer. The court of appeals held that an officer was subject to criminal liability. Importantly, the court of appeals stated that its conclusion was in accordance with Au Bon Pain "in which the court held that an officer of a corporate contractor could be held civilly liable under the MBTFA." Id. at 741. Reading Au Bon Pain and Brown together, it is fair to conclude that a corporate officer may be civilly liable under the MBTFA. While both cases are factually distinct from this case, as Jousma points out, any factual distinctions do not impact the principle of law. Moreover, Jousma says that the holding in Au Bon Pain was "simply wrong" and not in accordance with Michigan law, and that the Second Circuit was :unfamiliar" with Michigan law, he does not cite to any law or evidence to support these assertions. Moreover, the court of appeals cited approvingly from Au Bon Pain. Overall, Jousma is subject to civil liability under the MBTFA.

Having determined that Jousma is subject to civil liability, the question now

4

becomes whether he is liable under the circumstances. Jousma has the burden of proof that no violation occurred. See In re Little, 163 B.R. 497 (E.D. Mich. 1994); In re Hickey, 1999 WL 3313133 (E.D. Mich. 1999). But see James Lumber Co. Inc. v. J&S Construction, Inc., 107 Mich. App. 793 (1981) (holding that plaintiff, not debtor, has the burden of proof). In this regard, it is clear that Jousma collected monies for covered work and failed to make fringe benefit payments for the covered work. He argues, without supporting authority, that plaintiffs' recovery is limited to the balance in the trust funds. However, he makes no attempt to indicate what amounts were properly paid and should be credited towards the amount plaintiffs claim is due and owing. No form of accounting has been provided to the Court. In light of the record, the Court is constrained to conclude that Jousma, along with Accura Concrete Walls, Inc., is liable for the amount plaintiffs claim due and owing.

Jousma says that he acted in "good faith" in believing that he did not have to make the required contributions for covered projects. Even assuming Jousma is correct, that does not excuse his obligations under the MBTFA.

Finally, it is noted that as the Court previously granted plaintiffs' motion for summary judgment on its claim under ERISA, Jousma is also personally liable under ERISA. Operating Engineers' Local 324 v. Nicholas Equipment, L.L.C., 353 F. Supp. 2d 51 (2004). See also LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir.1997) (holding that president of closely-held corporation was an ERISA fiduciary personally liable for a breach of fiduciary duty for using money owed under certain ERISA Funds to pay the defendant corporation's other creditors). "Under 29 U.S.C. § 1109(a), any person who is a fiduciary and breaches a fiduciary duty 'shall be personally liable to make good to

5

such plan any losses to the plan resulting from such breach.' " <u>Southern Electrical Health Fund</u>, 308 F. Supp. 2d at 868.

In short, Jousma is personally liable for the amount plaintiffs claim is due and owing. An appropriate judgment shall enter.

SO ORDERED.

                                                    s/Avern Cohn_____
                                                    AVERN COHN
Dated:8/1/05                             UNITED STATES DISTRICT JUDGE
      Detroit, Michigan